Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5166 | **DATE** | 11/8/2001 |
| **CASE TITLE** | Chapman vs. Fischer et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We adopt the findings of fact and conclusions of law of the bankruptcy court and enter summary judgment in favor of the Defendants. Clerk of Court is directed to transmit a certified copy of this ruling to the Clerk of the Bankruptcy Court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 0 9 2001 date docketed | |
| | Notified counsel by telephone. | docketing deputy initials | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SCT | courtroom deputy's initials | 01 NOV -8 PM 3:16 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 9 2001

| | |
|---|---|
| LAMAR CHAPMAN III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 01 C 5166 |
| ) | |
| DIANE C. FISHER, RONALD P. KANE, ) | |
| MICHAEL A. KRAFT, and KANE & ) | |
| FISCHER, LTD., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This court has before it objections to proposed findings of fact and conclusions of law given in an opinion by Bankruptcy Judge Schmetterer. For the reasons stated below, we adopt the findings of fact and conclusions of law and enter summary judgment for the Defendants.

## BACKGROUND

Defendants Diane Fischer, Ronald Kane, Michael Kraft, and Kane & Fischer, Ltd. ("Defendants") began representing Charles Schwab & Co. ("Schwab") in Plaintiff Lamar Chapman's ("Chapman") bankruptcy proceeding in July 2000. At the commencement of their representation, Defendants contacted Chapman regarding

filings, settlement possibilities, and discovery matters. In response, Chapman filed a seven-count adversary complaint, alleging that Defendants' communications were unlawful attempts to collect the debt Schwab asserted he owed. Chapman alleged claims under various laws, including the Fair Debt Collection Practices Act ("FDCPA").

Defendants filed a motion to dismiss with supporting papers, which the bankruptcy court accordingly treated as a motion for summary judgment. The parties agreed on the existence and content of all the correspondences except one, a conversation that supposedly took place on July 31, 2000. The bankruptcy judge found that the conversation was a settlement offer, not an attempt to collect the debt. Based on that conclusion and the undisputed contents of the other correspondence, the judge held that Defendants were entitled to summary judgment.

Chapman filed objections to the bankruptcy judge's opinion, specifically regarding the judge's conclusions regarding the July 31 conversation. The bankruptcy judge then proposed findings of fact and conclusions of law to us and recommended that we enter summary judgment in favor of Defendants. Neither Chapman nor Defendants have filed additional objections, so we focus only on the objections that were presented to the bankruptcy court.

## DISCUSSION

The bankruptcy courts' jurisdiction is statutory, rooted in Title 11 of the United States Code. 28 U.S.C. § 1334(b). Their jurisdiction derives from that of the district courts and extends to proceedings related to a case brought under Title 11. <u>In re FedPak Systems, Inc.</u>, 80 F.3d 207, 213 (7th Cir. 1996). In cases that are not directly related to matters arising under Title 11, called "non-core proceedings," the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). The district court then conducts a de novo review of any portion of the bankruptcy judge's proposal to which a party makes specific written objection and enters any final order or judgment. 28 U.S.C. § 157(c)(1); Fed. R. Bank. Proc. 9033(d).

Chapman's only specific objection stems from the disputed conversation on July 31, 2000. According to Chapman, in that conversation Defendants attempted to collect the debt claimed by Schwab in violation of the FDCPA. 15 U.S.C. § 1692a(6).

Chapman seems to imply that because the alleged conversation included a discussion of money, it must have been an attempt to collect on a debt. We think this view too narrow. A debt is an amount of money that a party is obligated to pay. 15 U.S.C. § 1692a(5); <u>Newman v. Boehm, Pearstein & Bright, Ltd.</u>, 119 F.3d 477, 480 (7th Cir. 1997). A settlement offer, by contrast, is a contractual gesture that can be

accepted or rejected. The bankruptcy judge concluded that the conversation, assuming it happened, was nothing more than an offer to settle the pending claim against Chapman. After conducting our required de novo review of the relevant portions of the record, we agree with that assessment. The FDCPA applies to attorneys who regularly act as collectors on behalf of their clients but not to those who are engaged in a litigation activity. Heintz v. Jenkins, 514 U.S. 291, 294, 115 S.Ct. 1489, 1490-91 (1995). Attempting to reach a settlement is engaging in litigation activities. Consequently, the FDCPA does not apply, and the Defendants are entitled to summary judgment on the adversary complaint.

## CONCLUSION

In light of the foregoing, we adopt the findings of fact and conclusions of law of the bankruptcy court and enter summary judgment in favor of the Defendants.

<span style="text-align:center">*Charles P. Kocoras*</span>

Charles P. Kocoras
United States District Judge

Dated: _____November 8, 2001_____